No. 3894.—CITY OF NEW ORLEANS v. EDWARD J. RIGNEY.

A stipulation in a contract of lease to collect wharfage for a given period of time, which reserves the right to the city to have it annulled if the other contracting party fails to comply with his obligations, is a law between the parties, and the failure to comply with his obligations, on the part of the other contracting party, gives the city the right to have the contract annulled by judicial proceedings.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble*, J. *George S. Lacey*, city attorney, for plaintiff and appellant. *Wooldridge & Thomas*, for defendant and appellee.

This case was tried by a jury in the court below.

LUDELING, C. J. This is an action by the city of New Orleans, as successor to the rights of the late City of Jefferson, to annul a contract between the defendant and the City of Jefferson, on account of the failure of the defendant to comply with his obligations.

The city asserts this right under a clause in the said contract, which is in the words following:

"It is understood and agreed hereby that any failure or refusal on the part of the said Edward J. Rigney, to pay the said notes at maturity, shall operate to annul and cancel this contract."

The evidence shows that one of the notes was due on the thirteenth day of November, 1871, and that it was presented for payment to the defendant, Rigney, and was duly protested for non-payment. That on the following day the agent of the defendant offered to pay the note to the Deputy Administrator of Finance, who refused to receive payment, because he had been instructed not to receive payment thereof after the protest.

The defendant insists that the clause above quoted does not authorize the construction contended for by the city, as the note is not domiciliated, and he further insists that no demand was made of him until after three o'clock of the last day of grace, when it was not convenient for him to make the payment, on account of the lateness of the time of day. And he further insists that under article (2541) 2563 R. C. C., he had the right to make payment and prevent the rescission of the contract at any time before judicial demand.

The judge of the district court charged the jury to that effect.

We do not conceive that article 2563 C. C. applies to this contract, which is a lease or sale of the right to collect wharfage in Jefferson City, for a limited number of years. Article 2563 applies to the "sale of immovables."

The clause aforesaid of the contract is the law between the parties. It is an accidental stipulation, which belongs neither to the essence nor to the nature of the contract, but which depends solely on the will of the parties. R. C. C., article 1764. They had a right to stipulate that the contract should be null if the obligor did not pay on a particular day, and we think they did so stipulate. The clause is meaningless unless it gave the right to the city to annul the contract on the failure of the defendant to pay the notes as they matured.

"Where a term is given or limited for the performance of an obligation, the obligor has until sunset of the last day limited for its performance to comply with his obligation, unless the object of the contract can not be done after certain hours of that day." R. C. C., article 2057. By the terms of this contract the defendant was in default by the mere failure to pay within the term specified. C. C. 1911, No. 1. But the evidence shows that he was put in default by a demand and protest. C. C. 1911, No. 2.

"The object of the putting in default is to secure to the creditor his right to demand damages or a dissolution of the contract, so that the debtor can no longer defeat this right by executing or offering to execute the agreement. After the debtor has been put *in moro* his offer to execute his engagement comes too late and can not be listened to." 8 R. 161; 20 An. 292; Toul., vol. 6, p. 253, No. 246.

The defendant knew the term within which his obligation should be performed, and it was his fault if he neglected to perform it; and Toullier says: "Ainsi les tribunaux, qui ne sont établis que pour juger les faits et appliquer la loi, excéderaient évidemment leurs pouvoirs, et s'exposeraient à la corsure, si, sous pretexte d'équité, ils se permettaient encore de modifier une pareille convention, ou de n'y point avoir égard."

The plaintiff has prayed for damages but they have failed to make satisfactory proof of any.

It is therefore ordered and adjudged that the judgment of the lower court and the verdict of the jury be set aside, and it is further decreed that there be judgment in favor of the plaintiff against the defendant, canceling the contract between the City of Jefferson and the defendant, and perpetuating the injunction.

It is further decreed that the unpaid notes of the defendant be canceled and be delivered to him, and that defendant pay costs of both courts.